ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Dec-19  15:08:40
60CV-22-8658
C06D06 : 6 Pages

COURT USE ONLY PURSUANT TO ARK. SUP. CT. ADMIN. ORDER NO. 2(B)

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

| | |
|---|---|
| ARKANSAS VOTER INTEGRITY INITIATIVE, INC. | PLAINTIFF |
| vs. | |
| JOHN THURSTON, in his official capacity as ARKANSAS SECRETARY OF STATE, the ARKANSAS STATE BOARD OF ELECTION COMMISSIONERS, in its official capacity, and ELECTION SYSTEMS AND SOFTWARE, LLC | DEFENDANTS |
| | Case No: 60CV-22- |

## COMPLAINT FOR A DECLARATORY JUDGMENT, MOTION FOR INJUNCTION, AND MOTION TO EXPEDITE

COMES NOW the plaintiff, by and through its attorney, Clinton W. Lancaster, and for its cause of action states:

### OVERVIEW

1. That this is an action regarding the use of Election Systems and Software, LLC, (ESS) voting machines in Arkansas elections.

2. That this lawsuit seeks a declaratory judgment that the voting machines currently approved by the Secretary of State (Secretary) and the State Board of Election Commissioners (Board) fail to comply with state law.

3. That this lawsuit seeks an injunction to prevent the use of these voting machines in future elections.

EXHIBIT
B

1

LLF NO.: 03316

## PARTIES

4. That the Arkansas Voter Integrity Initiative (AVII) is an Arkansas corporation in good standing with the State of Arkansas.

5. That John Thurston is the duly elected Secretary of State.

6. That Board members are duly appointed state officials.

7. That ESS is a Delaware limited liability company based in Omaha, Nebraska, that manufactures all voting machines used in Arkansas elections. It can be served through its registered agent, National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware, 19801. Pleading further, it is a registered foreign corporation in the State of Arkansas and can also be served through its locally designated registered agent, National Registered Agents, Inc., 124 West Capitol Avenue, STE. 1900, Little Rock, Arkansas, 72201.

## FACTS

8. That ESS manufactures the ExpressVote electronic voting device and the DS200 electronic tabulator. Both devices are either computers or computer components.

9. That the ExpressVote device is a ballot marking system.

10. That, in an Arkansas election, a voter records his or her votes using the ExpressVote device.

11. That the DS200 counts a voter's vote(s) using a vote selection bar code produced by the ExpressVote device. The bar code allegedly contains an encoding of the votes on the ballot summary card.

12. That, in Arkansas, voting machines can only be used in a lawful Arkansas election if the machines are:

    A. Qualified by an authorized federal agency or national testing and standards laboratory which is acceptable to the Secretary;

    B. Approved by the Board; and

    C. Selected by the Secretary.

Ark. Code Ann. § 7-5-504(21)(A–C).

13. That voting machines approved by the Board and selected by the Secretary for use in elections "shall permit the voter to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast." Ark. Code Ann. § 7-5-504(6). Pleading further, this is also a requirement of the Help America Vote Act of 2002 (HAVA) and all voting machines in Arkansas used in an election for federal office must comply with the HAVA. 52 U.S.C. § 21081(a)(1)(A)(i). *See also* Ark. Code Ann. § 7-5-606(e) (no marking device or electronic vote tabulating device shall be approved unless it fulfills the requirements of this section and the federal Help America Vote Act of 2002).

14. That, after marking a ballot, the ExpressVote prints a ballot summary card.

15. That at the top of the printed ballot is a vote selection bar code allegedly encoding the voter's selected candidates and/or issues.

16. That below the vote selection bar code is a representation of the voter's selections for candidates and races which is readable by the voter.

17.     That the voters then carry their ballots to and insert them in the DS200 tabulator to be counted.

18.     That the human-readable representation of the voter's selections are not read, processed, or tabulated by the DS200 to tally or count votes.

19.     That, instead, it is the vote selection bar code at the top of the ballot that is read by the DS200 tabulator.

20.     That the DS200 does not read the representation of the voter's selections which are readable by the voter, only the vote selection bar codes.

21.     That most ordinary and common voters cannot read a bar code to determine if the ExpressVote has properly interpreted the votes cast by the voter ("cast as intended") or if the DS200 tabulator can properly process and count the votes cast by the voter ("recorded as cast").

22.     That, because the voter cannot read the vote selection bar code, and it is the vote selection bar code tabulated by the DS200, the voter is not able "to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast." *See* Ark. Code Ann. § 7-5-504(6).

## COUNT I: DECLATORY JUDGMENT

23.     That, pursuant to Ark. Code Ann. § 16-111-102, this court should construe Arkansas law, the way the ExpressVote and DS200 function and operate, and declare the rights, status, and legal relations among the parties.

24.     That this court should declare that the ExpressVote and DS200 do not comply with Arkansas law because the voter cannot independently verify the votes

selected by the voter on the ballot prior to being cast by the voter as the ordinary and common voter cannot read bar codes.

## MOTION FOR TEMPORARY AND PERMENANT INJUNCTION

25.   That, as set out in this complaint, the ExpressVote and DS200 do not comply with state law related to elections.

26.   That this court should enjoin the use of these machines temporarily and permanently in all future elections.

## MOTION TO EXPEDITE

27.   That, pursuant to Ark. R. Civ. P. 57, this court should expedite this case for the following reasons:

   A.   to give certainty to candidates and the electorate that all challenges can be heard and resolved before the registration of candidates in November of 2023;

   B.   to better enable election officials to prepare prior to their registration of candidates before November of 2023 for an election which will not involve voting machines; and

   C.   to permit candidates to make an informed decision about whether to run for office.

## DEMAND FOR A JURY TRIAL, COSTS, AND FEES

28.   That the plaintiff demands a trial by jury on all issues so triable.

29.   That this court should award the plaintiff its attorney's fees and costs.

**WHEREFORE**, the plaintiff prays this honorable court construe the rights of the parties and how the ExpressVote and DS200 operate and declare that these machines do not comply with state law; enjoin the use of these machines; for a trial

by jury; to expedite this case; for attorney's fees and costs; and for all other just and proper relief.

         Respectfully Submitted,

         **LANCASTER LAW FIRM, PLLC**
         P.O. Box 1295
         Benton, AR 72018
         P: (501) 776-2224
         F: (501) 778-6186
         E: clint@thelancasterlawfirm.com

      By: /S/ CLINTON W. LANCASTER
         **Clinton W. Lancaster,** 2011179