ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Feb-02  13:50:11
60CV-22-8658
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

ARKANSAS VOTER INTEGRITY
INITIATIVE, INC.                                                                  PLAINTIFF

vs.                             Case No. 60CV-22-8658

JOHN THURSTON, in his official capacity
as ARKANSAS SECRETARY OF STATE,
the ARKANSAS STATE BOARD OF
ELECTION COMMISSIONERS, in its
Official capacity, and ELECTION SYSTEMS
AND SOFTWARE, LLC                                      DEFENDANTS

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, MOTION FOR INJUNCTION, AND MOTION TO EXPEDITE

Comes now Defendant, Election Systems & Software, LLC (hereinafter "ESS") and for its Answer to Complaint for a Declaratory Judgment, Motion for Injunction, and Motion to Expedite, states:

1. Defendant ESS admits the allegations in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Defendant ESS admits that the lawsuit seeks a declaratory judgment but denies that the voting machines currently approved by the Secretary of State and the State Board of Election Commissioners fail to comply with state law.

3. Defendant ESS admits the allegations in Paragraph 3 of the Complaint seek injunctive relief, but denies Plaintiff is entitled to such or any relief.

4. Defendant ESS denies the allegations in Paragraph 4 of the Complaint.

5. Defendant ESS admits the allegations in Paragraph 5 of the Complaint.

6. Defendant ESS admits the allegations in Paragraph 6 of the Complaint.

7. Defendant ESS admits the allegations in Paragraph 7 of the Complaint.

8. Defendant ESS admits the allegations in Paragraph 8 of the Complaint that it manufactures the ExpressVote electronic voting device and the DS200 electronic tabulator but denies the remaining allegations.

36367.0002/9770932.1

9. Defendant ESS denies the allegations in Paragraph 9 of the Complaint on the basis that it is not clear.

10. Defendant ESS admits the allegations in Paragraph 10 of the Complaint.

11. Defendant ESS admits the allegations in Paragraph 11 of the Complaint.

12. Defendant ESS denies the allegations in Paragraph 12 of the Complaint because it states a conclusion of law.

13. Defendant ESS denies the allegations in Paragraph 13 of the Complaint because it states a conclusion of law.

14. Defendant ESS admits the allegations in Paragraph 14 of the Complaint.

15. Defendant ESS admits the allegations in Paragraph 15 of the Complaint.

16. Defendant ESS admits the allegations in Paragraph 16 of the Complaint.

17. Defendant ESS admits the allegations in Paragraph 17 of the Complaint.

18. Defendant ESS admits the allegations in Paragraph 18 of the Complaint.

19. Defendant ESS admits the allegations in Paragraph 19 of the Complaint.

20. Defendant ESS admits the allegations in Paragraph 20 of the Complaint.

21. Defendant ESS denies the allegations in Paragraph 21 of the Complaint.

22. Defendant ESS denies the allegations in Paragraph 22 of the Complaint.

23. Defendant ESS denies the allegations in Paragraph 23 of the Complaint.

24. Defendant ESS denies the allegations in Paragraph 24 of the Complaint.

25. Defendant ESS denies the allegations in Paragraph 25 of the Complaint.

26. Defendant ESS denies the allegations in Paragraph 26 of the Complaint.

27. Defendant ESS denies the allegations in Paragraph 27 of the Complaint.

28. It admits that the Plaintiff seeks a trial by jury in Paragraph 28 of the Complaint but denies that there are any issues to be tried by a jury.

29. Defendant ESS denies the allegations in Paragraph 29 of the Complaint.

30. Defendant ESS states affirmatively that it denies each and allegation not specifically admitted herein.

31. Defendant ESS states affirmatively that the Plaintiff's Complaint fails to state facts upon which relief can be granted and should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

32. Defendant ESS states affirmatively that the Complaint should be dismissed against ESS because ESS has not been alleged to have violated any law or duty to the Plaintiff, that the voting machines comply with all applicable law and standards, and that no relief should be granted against ESS.

33. Defendant ESS states affirmatively that Plaintiff, a non-qualified elector, lacks standing to bring this claim.

WHEREFORE, Elections Systems & Software, LLC prays that the Complaint be dismissed, for its attorney's fees, costs and all other proper relief.

Respectfully submitted,

KEVIN A. CRASS (84029)
FRIDAY ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 370-1592
Facsimile: (501) 244-5370
crass@fridayfirm.com

BY: /s/ Kevin A. Crass
    KEVIN A. CRASS

36367.0002/9770932.1

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that I have served a copy of the foregoing on counsel of record on this 2nd day of February, 2023.

Clinton W. Lancaster
Lancaster Law Firm, PLLC
P.O. Box 1295
Benton, AR  72018

/s/ Kevin A. Crass
KEVIN A. CRASS

36367.0002/9770932.1