ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Feb-03  12:13:50
60CV-22-8658
C06D06 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKASNAS
SIXTH DIVISION

ARKANSAS VOTER INTEGRITY
INITIATIVE, INC.                                                                 PLAINTIFF

vs.                                  Case No. 60CV-22-8658

JOHN THURSTON, in his official capacity
as ARKANSAS SECRETARY OF STATE,
the ARKANSAS STATE BOARD OF
ELECTION COMMISSIONERS, in its
official capacity, and ELECTION SYSTEMS
AND SOFTWARE, LLC                                                        DEFENDANTS

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, MOTION FOR INJUNCTION, AND MOTION TO EXPEDITE ON BEHALF OF SEPARATE DEFENDANTS SECRETARY OF STATE JOHN THURSTON AND "ARKANSAS STATE BOARD OF ELECTION COMMISSIONERS, IN ITS OFFICIAL CAPACITY"**

Come Separate Defendants John Thurston, in his official capacity as Arkansas Secretary of State, and the "Arkansas State Board of Election Commissioners, in its official capacity," and for their Answer to the Complaint for a Declaratory Judgment, Motion for Injunction, and Motion to Expedite, state as follows:

1. They admit the allegations in paragraph 1 of the Complaint.

2. They admit the Complaint seeks a declaratory judgment. All remaining allegations in paragraph 2 are denied.

3. They admit the Complaint seeks an injunction but deny that Plaintiff is entitled to such or any relief.

1

4. They are without knowledge or information sufficient at this time to admit or deny the allegations stated in paragraph 4.

5. They admit the allegations in paragraph 5 of the Complaint.

6. They admit that the State Board of Election Commissioners consists of a seven-member board comprised of the Secretary of State as Chairperson, two members appointed by the Governor, and one member each appointed by the chair of the state Democratic party, the chair of the state Republican party, the President Pro Tempore of the Arkansas Senate, and the Speaker of the Arkansas House of Representatives. Any remaining allegations in paragraph 6 are denied.

7. They admit that Election Systems & Software, LLC (hereinafter "ESS") manufactures the voting machines used in Arkansas elections. All remaining allegations in paragraph 7 of the Complaint are directed to said separate defendant, and therefore, no response is required of these Defendants.

8. The public information available published by ESS regarding the manufacture of ExpressVote Universal Voting System and DS200 speaks for itself. Any remaining allegations in paragraph 8 are denied.

9. The information published by ESS regarding ExpressVote speaks for itself. Any remaining allegations in paragraph 9 are denied.

10. They admit that Arkansas voters who vote at a polling site via voting machine are using an ExpressVote device. They deny that all Arkansas voters mark their ballots via the ExpressVote device and deny that voting machines are the only method for casting votes in Arkansas. Any remaining allegations in paragraph 10 are denied.

11. The public information available published by ESS regarding the DS200 speaks for itself. Any remaining allegations in paragraph 11 are denied.

12. They state Ark. Cod. Ann. § 7-5-504 speaks for itself. They admit that paragraph 12 of the Complaint contains subsection 21(A-C) of this statute. Any remaining allegations in paragraph 12 are denied.

13. They state Ark. Cod. Ann. § 7-5-504(6), 52 U.S.C. § 21081(a)(1)(A)(i), and Ark. Cod. Ann. § 7-5-606(e) speak for themselves. Any remaining allegations in paragraph 13 are denied.

14. The product information for ExpressVote published by ESS speaks for itself. Any remaining allegations in paragraphs 14, 15, and 16 of the Complaint are denied.

15. They admit that at polling locations utilizing a DS200 ballot scanner and tabulator, the voter carries his or her ballot to the device and inserts it to be counted. In location that are utilizing a central count process, the voter deposits his or her ballot into a secure ballot box for the ballot to be counted at a centralized DS200 ballot scanner and tabulator. Any remaining allegations in paragraph 17 are denied.

16. The product information for DS200 published by ESS speaks for itself. Any remaining allegations in paragraphs 18, 19, and 20 of the Complaint are denied.

17. They deny the allegations in paragraphs 21 and 22 of the Complaint.

18. They state Ark. Cod. Ann. § 16-111-102 regarding this Courts power to construe speaks for itself. Any remaining allegations in paragraph 23 are denied.

19. They deny the allegations in paragraphs 24, 25, and 26 of the Complaint.

20. They state Ark. R. Civ. P. 57 speaks for itself. All remaining allegations in paragraph 27, including subparts A, B, and C, are denied.

21. They acknowledge Plaintiff's request for trial by jury but deny that the Complaint contains any issues to be tried by a jury.

22. They deny that Plaintiff is entitled to the relief sought in the Complaint for a Declaratory Judgment, Motion for Injunction, and Motion to Expedite, including attorney's fees and costs. Any remaining allegations in paragraph 29.

23. They deny the allegations that ExpressVote and DS200 do not comply with state law; they deny that this Court should enjoin the use of the machines. They deny that Plaintiff is entitled to a trial by jury on the issues in the Complaint. They deny that Plaintiff has proved it is entitled to have the Court expedite this case. They deny that Plaintiff is entitled to any of the relief requested in the Wherefore clause of the Complaint.

24. Pleading affirmatively, these Defendants state Plaintiff has failed to satisfy the pleading requirements of Ark. R. Civ. P. 8(a), and therefore, the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

25. Pleading affirmatively, these Defendants state Plaintiff's Complaint fails to state a claim upon which relief may be granted and therefore the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

26. Pleading affirmatively, Separate Defendant John Thurston, sued in his official capacity as Arkansas Secretary of State, is entitled to sovereign immunity on all monetary damages.

27. Pleading affirmatively, to the extent any of these allegations could be construed to be against any defendant in their individual capacity, these Defendants are entitled to qualified and statutory immunity against all monetary damages.

28. Pleading affirmatively, they state Separate Defendant "Arkansas State Board of Election Commissioners, in its official capacity" is not a proper defendant as the Arkansas State Board of Election Commissioners enjoys sovereign immunity and cannot be sued. Therefore, this case as against said defendant must be dismissed with prejudice.

29. Pleading affirmatively, to the extent Plaintiff intended to sue the Arkansas State Board of Election Commissioners, Plaintiff lacks standing to sue as it enjoys sovereign immunity. Therefore, this case as against "Arkansas State Board of Election Commissioners, in its official capacity" must be dismissed with prejudice.

30. Pleading affirmatively, they state Plaintiff, a non-qualified elector, lacks standing to bring this claim against all defendants, and therefore, the Complaint must be dismissed with prejudice.

31. Pleading affirmatively, they state and reserve the right to plead further any and all other affirmative defenses that may be applicable to this claim pursuant to Arkansas Rule of Civil Procedure 8(c) including, but not limited to, estoppel, res judicata, and waiver and, therefore, the Complaint should be dismissed with prejudice.

32. They deny separately and specifically each and every material allegation of the Complaint not herein admitted.

33. They request leave of Court to file and amended answer following the completion of discovery.

WHEREFORE, having fully responded to the Complaint for a Declaratory Judgment, Motion for Injunction, and Motion to Expedite of Plaintiff, Separate Defendants John Thurston, in his official capacity as Arkansas Secretary of State, and the "Arkansas State Board of Election Commissioners, in its official capacity," respectfully pray the Complaint for a Declaratory

Judgment, Motion for Injunction, and Motion to Expedite be dismissed with prejudice and for all other just and proper relief to which they may be entitled.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By: */s/ Jordan Broyles*
        Jordan Broyles
        Ark Bar No. 2015156
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone: (501) 682-9482
        Fax:   (501) 682-2591
        Email: jordan.broyles@arkansasag.gov

*Attorneys for Separate Defendants John Thurston, in his official capacity as Arkansas Secretary of State, and the "Arkansas State Board of Election Commissioners, in its official capacity,"*

## CERTIFICATE OF SERVICE

I, Jordan Broyles, certify that I have served the foregoing pleading on the following attorneys of record in this matter by filing same with the Court's electronic filing system on this 3rd day of February, 2023:

Clinton W. Lancaster
LANCASTER LAW FIRM, PLLC
P.O. Box 1295
Benton, AR 72018
clint@thelancasterlawfirm.com

Kevin A. Crass
FRIDAY, ELDREDGE, & CLARK, LLP
400 West Capitol Avenue, Ste. 2000
Little Rock, Arkansas 72201
crass@fridayfirm.com

        */s/ Jordan Broyles*
        Jordan Broyles

6