ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-May-04 16:08:18
60CV-22-8658
C06D06 : 15 Pages

COURT USE ONLY PURSUANT TO ARK. SUP. CT. ADMIN. ORDER NO. 2(B)

### IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

| | |
|---|---|
| ARKANSAS VOTER INTEGRITY INITIATIVE, INC., CONRAD REYNOLDS, and DONNIE SCROGGINS | PLAINTIFF |
| vs. | |
| JOHN THURSTON, in his official capacity as SECRETARY OF STATE, the STATE BOARD OF ELECTION COMMISSIONERS, in its official capacity, and ELECTION SYSTEMS AND SOFTWARE, LLC | DEFENDANTS |
| | Case No: 60CV-23- |

## AMENDED COMPLAINT FOR A DECLARATORY JUDGMENT, VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT, AN ILLEGAL EXACTION, FRAUD, MOTION FOR INJUNCTION, AND MOTION TO EXPEDITE,

COMES NOW the plaintiffs, by and through their attorney, Clinton W. Lancaster, and for their cause of action states:

### TABLE OF CONTENTS[1]

Table of Contents................................................................................1

Overview............................................................................................2

Parties...............................................................................................3

Facts.................................................................................................3

---

[1] The PDF version filed with the clerk contains bookmarks to the table of contents for the convenience of the court.

1

LLF NO.: 03316

Count I (Declaratory Judgment—state statute).......................................................6

Count II (Declaratory Judgment-HAVA)..............................................................6

Count III (Illegal Exaction)....................................................................................8

Count IV (Violation of ADTPA)..........................................................................10

Count V (Fraud)...................................................................................................12

Count VI (Injunction)...........................................................................................14

Demand for a Jury Trial.......................................................................................14

## OVERVIEW

1. That this is an action regarding the use of Election Systems and Software, LLC, (ESS) voting machines in Arkansas elections.

2. That this lawsuit seeks class action status as to Count III (illegal exaction), Count IV (violation of the Arkansas Deceptive Trade Practices Act), and Count V (fraud).

3. That this lawsuit seeks a declaratory judgment that the voting machines currently approved by the Secretary of State (Secretary) and the State Board of Election Commissioners (Board) fail to comply with state and federal law.

4. That this lawsuit seeks to remedy an illegal exaction through a class action lawsuit on behalf of all the taxpayers in Arkansas.

5. That this lawsuit seeks a reimbursement to the taxpayers of Arkansas for illegally spent tax dollars by the Secretary, Board, and ESS.

6. That this lawsuit seeks damages and punitive against ESS for its violation of the Arkansas Deceptive Trade Practices Act.

2

7. That this lawsuit seeks damages and punitive damages for fraudulent conduct by ESS.

8. That this lawsuit seeks a temporary and permanent injunction to prevent the use of ESS machines as they are currently configured in future elections.

## PARTIES

9. That the Arkansas Voter Integrity Initiative (AVII) is an Arkansas corporation in good standing with the State of Arkansas.

10. That Conrad Reynolds is a resident of Faulkner County, Arkansas, and a voter in Arkansas elections.

11. That Donnie Scroggins is a resident of Greene County, Arkansas, and a voter in Arkansas elections.

12. That John Thurston is the duly elected Secretary of State.

13. That the Board members are duly appointed state officials.

14. That ESS is a Delaware limited liability company based in Omaha, Nebraska, and registered to business in Arkansas. It can be served through its registered agent, National Registered Agents, Inc., 124 West Capitol Avenue, STE. 1900, Little Rock, AR 72201.

## FACTS

15. That all previous allegations are incorporated into this count.

16. That ESS manufactures the ExpressVote electronic voting device and the DS200 electronic tabulator. Both devices are either computers or computer components.

17. That, in Arkansas, all elections in every county are conducted using the ESS manufactured components and equipment mentioned in this complaint.

18. That, in Arkansas, all ESS machines are serviced through a contract with the State and the counties. See exhibit one, attached.

19. That, in its contract with the State and the counties, ESS "warrant[ed]. . .that at the time of deliver, the ES&S Equipment and ES&S software sold and licensed. . .will comply with all applicable requirements of state election laws." Id at,

20. That the ESS equipment consists of multiple hardware and software. For purposes of this lawsuit, the plaintiffs focus the court's attention to the ExpressVote and DS200 tabulator.

21. That the ExpressVote device is a ballot marking system.

22. That, in an Arkansas election, a voter marks his or her ballot using the ExpressVote device.

23. That the DS200 tabulator counts ballots marked by a voter who has used the ExpressVote device to mark his or her ballot.

24. That, in Arkansas, voting machines can only be used in a lawful Arkansas election if the machines are:

    A.    Qualified by an authorized federal agency or national testing and standards laboratory which is acceptable to the Secretary;

    B.    Approved by the Board; and

    C.    Selected by the Secretary.

Ark. Code Ann. § 7-5-504(21)(A–C).

25. That voting machines approved by the Board and selected by the Secretary for use in elections "shall permit the voter to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast." Ark. Code Ann. § 7-5-504(6). Pleading further, this is a requirement of the Help America Vote Act of 2002 (HAVA) and all voting machines in Arkansas must comply with the HAVA. 52 U.S.C. § 21081(a)(1)(A)(i). *See also* Ark. Code Ann. § 7-5-606(e) (no marking device or electronic vote tabulating device shall be approved unless it fulfills the requirements of this section and the federal Help America Vote Act of 2002).

26. That, after marking a ballot, the ExpressVote prints the voter's ballot.

27. That at the top of the printed ballot is a bar code.

28. That below the bar code is the voter's printed selections for candidates and races.

29. That the voter then carries his ballot to and inserts it in the DS200 tabulator to be counted.

30. That, however, the voter's printed ballot selections are not the information read, processed, or tabulated by the DS200 to tally or count votes.

31. That, instead, it is the bar code at the top of the ballot that is read by the DS200 tabulator and the bar code is the information which tallies and counts the voter's selections.

32. That the DS200 does not read the voter's printed ballot selections, only the bar codes.

33. That most ordinary and common voters cannot read a bar code to determine if the DS200 has properly processed or recorded the votes cast by the voter.

34. That, because the voter cannot read the bar code, and it is the bar code tabulated by the DS200, the voter is not able "to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast." *See* Ark. Code Ann. § 7-5-504(6).

## COUNT I: DECLATORY JUDGMENT PERTAINING TO STATE LAW

35. That all previous allegations are incorporated into this count.

36. That, pursuant to Ark. Code Ann. § 16-111-102, this court should construe Arkansas law, the way the ExpressVote and DS200 function and operate, and declare the rights, status, and legal relations among the parties.

37. That this court should declare that the ExpressVote and DS200 do not comply with Arkansas law because the voter cannot independently verify the votes selected by the voter on the ballot prior to being cast by the voter as the ordinary and common voter cannot read bar codes.

38. That this court should enjoin the use of these machines in all future elections unless and until the machines comply with Arkansas law.

## COUNT II: DECLATORY JUDGMENT PERTAINING TO THE HELP AMERICA VOTE ACT OF 2002

39. That all previous allegations are incorporated into this count.

40. That the HAVA requires that each voting system used in an election for federal office shall "permit the voter to verify (in a private and independent manner)

6

the votes selected by the voter on the ballot before the ballot is cast and counted." 52 U.S.C. § 21081(a)(1)(A)(i).

**41.** That Arkansas uses the ExpressVote and DS200 for elections for federal offices.

**42.** That, as explained and pled above, the ExpressVote prints out the voter's ballot selections in a federal election (both state and federal elections are combined on the ballot).

**43.** That, while the voter's selections are printed out the bottom of the ballot, this is not the information read, processed, or tabulated by the DS200.

**44.** That, instead, it is the bar code at the top of the ballot that is read, processed, and tabulated by the DS200.

**45.** That an ordinary voter cannot read bar code to determine the information it possesses or contains.

**46.** That, because the voter is not able "to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast," the ExpressVote and DS200 fail to comply with the HAVA. *See* 52 U.S.C. § 21081(a)(1)(A)(i), *supra*.

**47.** That, pursuant to Ark. Code Ann. § 16-111-102, this court should construe the HAVA and the manner in which the ExpressVote and DS200 function and operate and declare the rights, status, and legal relations among the parties.

LLF NO.: 03316

**48.** That this court should declare that the ExpressVote and DS200 do not comply with the federal HAVA because the voter cannot independently verify the votes selected by the voter on the ballot prior to it being cast by the voter.

**49.** That this court should enjoin the use of these machines in all future elections unless and until the machines comply with federal law.

## COUNT III: ILLEGAL EXACTION

**50.** That all previous allegations are incorporated into this count.

**51.** That there are two types of illegal exactions, a public funds case in which the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. *McGhee v. Arkansas State Bd. of Collection Agencies*, 360 Ark. 363, 370–71, 201 S.W.3d 375, 379 (2005) (citing *Pledger v. Featherlite Precast Corp.*, 308 Ark. 124, 823 S.W.2d 852 (1992)).

**52.** That this is a public funds case.

**53.** That the State was authorized by the legislature to purchase and maintain voting machines pursuant to the County Voting System Grant Fund (CVSGF). *See* Ark. Code Ann. § 19-5-1247.

**54.** That the CVSGF permits the Secretary to use public funds collected from fees or taxes to purchase and maintain voting machines that comply with Arkansas law. In other words, voting machines that comply with our statutes and federal law, which are approved by the Board, and selected by the Secretary.

LLF NO.: 03316

55. That public funds were used by the Secretary to purchase and maintain voting machines that neither comply with Arkansas law nor HAVA.

56. That this is an illegal exaction because public funds generated from tax dollars are being misapplied or misspent on voting machines and software that do not comply with Arkansas law or HAVA.

57. That ESS has improperly and illegally received misapplied and misspent public funds from the citizenry of Arkansas for noncompliant and illegal voting machines and software.

58. That the Secretary has improperly and illegally misapplied and misspent public funds from the citizenry of Arkansas on noncompliant and illegal voting machines and software.

59. That the Board has improperly and illegally misapplied and misspent public funds from the citizenry of Arkansas on noncompliant and illegal voting machines and software.

60. That all three of these entities should be ordered to repay the taxpayers of Arkansas for this illegal exaction, including ESS, which should be made to disgorge illegally exacted funds back to the populace of this State.

61. That, because an illegal exaction is a self-executing, constitutional class action lawsuit, there is no certification of the class required as the class is designated to be all taxpayers of the State. If the court finds that our law requires certification, then it should certify all taxpayers as members of the class.

**62.**   That the plaintiffs seek attorney's fees and costs as part of the recovery in this matter.

### COUNT IV: VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

**63.**   That all previous allegations are incorporated into this count.

**64.**   That this count only applies to ESS.

**65.**   That Arkansas law prohibits the following deceptive trade practices:

    A.   Knowingly making a false representation as to the characteristics, uses, benefits, approval, or certification of goods or services;

    B.   Advertising the goods or services with the intent not to sell them as advertised;

    C.   The employment of bait-and-switch advertising consisting of acts demonstrating an intent not to sell the advertised product or services;

    D.   Knowingly taking advantage of a consumer who is reasonably unable to protect his or her interest because of ignorance or a similar factor;

    E.   Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade;

    F.   Knowingly facilitating, assisting, intermediating, or in any way aiding the operation or continuance of an act or practice that is in violation of this chapter;

    G.   The act, use, or employment by a person of any deception, fraud, or false pretense; and/or

    H.   The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

**66.**   That ESS engaged in deceptive trade practices in violation of the

Arkansas Deceptive Trade Practices Act when it took the following actions:

A. Warranted that its voting machines and software complied with Arkansas and federal law.

B. Certified that its voting machines and software complied with Arkansas and federal law.

C. Represented that its voting machines and software complied with Arkansas and federal law.

D. Represented that its voting machines and software would allow a voter to verify his or her votes before placing it into the DS200 to be cast.

E. Sold warranties, services, or goods in the form of machines, software, and maintenance programs under the false pretense that the products complied with state and federal voting laws.

F. Sold warranties, services, or goods under the false pretense that the products would enable a voter to verify his or her votes in a private and independent manner before casting his or her ballot;

G. Advertising to the state and its voters that ESS's machines complied with state and federal law when it either knew, or should have known, that they did not.

H. Knowingly facilitating, assisting, intermediating, and/or otherwise aiding the continuation of the deceptive practice of providing noncompliant and illegal voting machines and software and services for the same.

I. Knowingly took advantage of voters in Arkansas by telling those voters that the machines created ballot summary cards that accurately reflected their votes in a manner they could verify before the vote is cast because the voter was ignorant as to how the machines, software, and services functioned.

J. Concealed from the voters and the State from the fact, or otherwise deceived them to cause them to believe that its machines, software, programs, and services failed to comply with state and federal law. Pleading further, ESS concealed these facts with the intent for the voter and the state to rely on those facts.

67. That the plaintiffs have suffered an actual financial loss as a result of their reliance on ESS's deceptive practices including, but not limited to:

    A. The payment of tax dollars to fund voting and elections conducted with illegal and noncompliant voting machines, software, programs, or other items from ESS;

    B. The payment of fees for illegal and noncompliant voting machines, software, programs, or other items from ESS;

    C. The purchase of illegal and noncompliant voting machines, software, programs, or other items from ESS for the use in elections;

    D. The loss of the ability to legally participate in state, federal, and local elections, which has adversely impacted the ability of voters to participate in the electoral process;

68. That ESS should be ordered to pay these damages.

69. That ESS's conduct is a willful, wanton, and intentional interference with the right to vote in our State. This court should order that ESS pay punitive damages.

70. That this action involves tax dollars and the illegal use of tax dollars. Pursuant to Ark. Code. Ann. § 4-88-113(f)(1)(B), this case should be certified as a class action on behalf of all voters and taxpayers in the State of Arkansas.

## COUNT V: FRAUD

71. That all relevant paragraphs of this complaint are incorporated into this count.

72. That this count only applies to ESS.

73. That ESS represented to the State and its citizenry that its voting machines and software complied with Arkansas law and HAVA.

74. That the machines and software complied with Arkansas law and HAVA is a material fact.

75. That ESS made a statement of material fact when it specifically warranted that its voting machines and software would permit a voter, in a private and independent manner, to verify his or her votes before his or her ballot selection card is cast into the DS200.

76. That ESS knew, or should have known, that its voting machines and software were tabulating individual votes based on bar codes printed by the ExpressVote device that are wholly illegible to the ordinary and reasonable voter.

77. That ESS knew, or should have known, that its voting machines and software did not permit an ordinary and reasonable voter to verify the votes cast by the voter in a private and independent manner due to ESS equipment's reading of the bar codes instead of the voter's selections.  In other words, ESS knew its tabulating devices and software were reading bar codes that were illegible to the voters while allowing the voter to believe the machine was tabulating his or her ballot selections printed in the English language on the bottom portion of the ballot selection card.

78. That ESS intended for voters in the State of Arkansas to rely on the belief, and its misrepresentation of a material fact, that its voting equipment and software were reading the voter's selections on the ballot summary card that is verified by the voter before he or she casts his or her ballot into the DS200 tabulator.

LLF NO.: 03316

In other words, ESS intended for the State and its voters to rely on its representation and warranty that its machines complied with Arkansas law and HAVA.

79. That voters in the State of Arkansas, including Conrad Reynolds and DONNIE SCROGGINS, justifiably relied on ESS's representation and warranty that it machines and software complied with Arkansas law and HAVA.

80. That the plaintiffs have been damaged as a result of the fraudulent actions of ESS. Pleading further, the full amount of damages is unknown at this time but will be disclosed when ascertained and proven at trial.

81. That ESS's fraudulent representation and warranty that its machines complied with Arkansas law and HAVA were a malicious, willful, and wanton act on behalf of this defendant. This court should award the plaintiff's punitive damages.

## MOTION FOR TEMPORARY AND PERMANENT INJUNCTION

82. That all previous allegations are incorporated into this count.

83. That, as set out in this complaint, the ExpressVote and DS200 do not comply with state law related to elections.

84. That, additionally, these voting machines do not comply with HAVA.

85. That this court should issue a temporary and permanent injunction enjoining the use of these machines as they are currently configured.

## DEMAND FOR A JURY TRIAL AND MOTION TO EXPEDITE

86. That the plaintiff demands a trial by jury on all issues so triable.

87. That this court should expedite this case on its docket to ensure that it can be heard before the next election.

LLF NO.: 03316

**WHEREFORE**, the plaintiff prays this honorable court construe the rights of the parties and how the ExpressVote and DS200 operate and declare that these machines do not comply with state and federal law; enjoin the use of these machines; for damages; for a refund of taxpayer fees and dollars; to expedite this case; for attorney's fees and costs; and for all other just and proper relief.

Respectfully Submitted,

**LANCASTER & LANCASTER LAW FIRM, PLLC**
P.O. Box 1295
Benton, AR 72018
P: (501) 776-2224
F: (501) 778-6186
clint@thelancasterlawfirm.com

By: /S/ CLINTON W. LANCASTER
**Clinton W. Lancaster, 2011179**

---

## CERTIFICATE OF SERVICE

By my signature above, I certify pursuant to Ark. R. Civ. P. 5(e) that a copy of the foregoing has been delivered by the below method to the following person or persons:

☐ First Class Mail ☐ Facsimile ☐ Email ☒ AOC/ECF ☐ Hand Delivery

All attorneys of Record

on this __PER ADMIN. ORDER NO. 21, § 7_ DAY of MAY, 2023.

15

LLF NO.: 03316