ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-May-17  10:52:45
60CV-22-8658
C06D06 : 8 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SIXTH DIVISION

ARKANSAS VOTER INTEGRITY
INITIATIVE, INC., CONRAD
REYNOLDS, and DONNIE
SCROGGINS                                                        PLAINTIFFS

VS.                              CASE NO. 60CV-22-8658

JOHN THURSTON, in his official
Capacity as SECRETARY OF
STATE, the STATE BOARD OF
ELECTION COMMISSIONERS, in
its official capacity, and ELECTION
SYSTEMS AND SOFTWARE, LLC                          DEFENDANTS

BRIEF IN SUPPORT OF SEPARATE DEFENDANT
ELECTION SYSTEMS AND SOFTWARE, LLC'S MOTION TO DISMISS

On March 14, 2023, the Court dismissed the complaint brought by Plaintiff Arkansas

Voter Integrity Initiative, Inc. against Separate Defendant Election Systems and Software, LLC

("ESS"). *See* Order. Per the Court's order, the complaint for declaratory judgment and

injunctive relief "fail[ed] to state a viable claim against the separate defendant [ESS] that sounds

either in contract or in tort." *See* Order.

In response, on May 4, 2023, Plaintiff Arkansas Voter Integrity Initiative ("AVII")

amended its complaint to add individual Plaintiffs Conrad Reynolds and Donnie Scroggins and to

add new claims against ESS. Now, Plaintiffs seek to hold ESS liable for: 1) fraud; 2) an illegal

exaction; and 3) violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"). *See* Am.

Compl. at pgs. 8-14.

1

36367.0002/10047429.1

As discussed herein, the pleadings are still devoid of a viable cause of action against ESS, and the Amended Complaint against ESS, just like the original, should be dismissed. Ark. R. Civ. P. 8(a); Ark. R. Civ. P. 12(b)(6).

I.      Motion to Dismiss Standard

Arkansas is a fact-pleading state. *Worden v. Kirchner*, 2013 Ark. 509, at 6-7, 431 S.W.3d 243, 248 (citing Ark. R. Civ. P. 8(a)(1); *DeSoto Gathering Co., LLC v. Smallwood*, 2010 Ark. 5, 362 S.W.3d 298). Under Arkansas Rule of Civil Procedure 8(a)(1), the plaintiff's pleading must "contain . . . a statement in ordinary and concise language of facts showing that . . . the pleader is entitled to relief ...."

Further, "Rules 8(a)(1) and 12(b)(6) must be read together in testing the sufficiency of a complaint." *Worden*, 2013 Ark. 509, at 6, 431 S.W.3d at 247 (*Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377). The Court may properly dismiss a complaint if it either fails to state general facts upon which relief can be granted or fails to state specific facts pertaining to the elements of the claims for relief. *Thomas v. Pierce*, 87 Ark. App. 26, 28, 184 S.W.3d 489, 490 (2004) (citing *Bethel Baptist Church v. Church Mutual Insurance Co.*, 54 Ark. App. 262, 924 S.W.2d 494 (1996)).

II.     Argument

A.      The Amended Complaint Fails to Plead Facts to Support the Fraud Claim against ESS.

The fraud claim is woefully deficient under Rule 8(a)(1) and should be dismissed. Under Arkansas law, a fraud claim requires proof of five elements: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is sufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of

2

the reliance. *Hampton v. Taylor*, 318 Ark. 771, 777, 887 S.W.2d 535, 539 (1994). Further,

Arkansas Rule of Civil Procedure 9(b) states that "all averments of fraud . . . shall be stated with

particularity." *See Watkins v. Arkansas Dep't of Agric.*, 2018 Ark. App. 460, at 9, 560 S.W.3d 814,

822 ("[O]ur caselaw provides that fraud must be specifically alleged, and a complaint must state

something more than mere conclusions and must clearly set forth the facts relied on as constituting

fraud.") (citing *Woodend v. Southland Racing Corp.*, 337 Ark. 380, 989 S.W.2d 505 (1999)); *see*

*also J.D. Fields & Co. v. Nucor-Yamato Steel*, 976 F. Supp. 2d 1051, 1068 (E.D. Ark. 2013)

(stating that the complaint must identify the "who, what, where, when, and how" of the alleged

fraud because the purpose of the heightened standard is to "enable the defendant to respond

specifically and quickly to the potentially damaging allegations") (citing *Parnes v. Gateway 2000,*

*Inc.*, 122 F.3d 539 (8th Cir. 1997)). The Amended Complaint fails on all fronts.

Nowhere does the Amended Complaint contain factual allegations of a false representation

*made to Plaintiffs*. Instead, as acknowledged by Plaintiffs in the Amended Complaint, if any

representations were made, they were made to the State via its contractual relationship with ESS.

*See* Am. Compl. at pg. 4, ¶ 19 ("That in its contract with the State and the counties, ESS

'warrant[ed] . . . that at the time of deliver [sic], the ES&S Equipment and ES&S software sold

and licensed . . . will comply with all applicable requirements of state election laws."). There is

not a single factual allegation of any communications between ESS and Plaintiffs (nor can there

be). And because there is no such communication, it follows that there are no facts to support the

required element of reliance either.

Without facts to support the required elements of Plaintiffs' fraud claim, dismissal is

appropriate. *See, e.g.*, *Watkins*, 2018 Ark. App. 460, at 10, 560 S.W.3d at 822 (affirming dismissal

of fraud claims for failing to plead facts related to the required elements); *Davis v. Davis*, 2016

3

Ark. App. 33, at 5, 480 S.W.3d 878, 882 (affirming dismissal of a fraud claim for making conclusory allegations and for failing to identify any particular factual allegations, such as specific conversations with the defendant, that supported the misrepresentation claim); *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at 12, 372 S.W.3d 324, 333 (2010) (affirming dismissal of a fraud claim because "the complaint is wholly insufficient with respect to providing particular factual allegations of knowledge of falsity, intent to induce action or inaction in reliance on the representation, justifiable reliance on the representation, and damages").

B.    Plaintiffs' Cause of Action for Illegal Exaction Against ESS Should Be Dismissed.

Like their fraud claim, Plaintiffs' count for illegal exaction against ESS fails to meet basic pleading requirements. As the Arkansas Supreme Court has explained, "an illegal exaction is an exaction that is either not authorized by law or is contrary to law." *Prince v. Arkansas State Highway Comm'n*, 2019 Ark. 199, at 5, 576 S.W.3d 1, 4 (citing *Stromwall v. Van Hoose*, 371 Ark. 267, 265 S.W.3d 93 (2007)). There are two types of illegal exaction cases that can arise under article 16, section 13 of the Arkansas Constitution: "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent; and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. *Id.*, 2019 Ark. 199, at 5, 576 S.W.3d at 4 (citing *McGhee v. Ark. State Bd. of Collection Agencies*, 360 Ark. 363, 201 S.W.3d 375 (2005)). "[I]n order to state an illegal exaction claim, a plaintiff must allege that the expenditure was illegal, misapplied, or arbitrary." *Bowerman v. Takeda Pharms. U.S.A.*, 2014 Ark. 388, at 6, 442 S.W.3d 839, 843. Further, "when the expenditure is authorized by statute, no illegal exaction occurs." *Id.*, 2019 Ark. 199, at 5, 576 S.W.3d at 4 (citing *Sullins v. Cent. Ark. Water*, 2015 Ark. 29, 454 S.W.3d 727).

Here, Plaintiffs label their action a "public funds case" and allege that the State Defendants have misspent and misused tax revenue by buying non-compliant machines. As it pertains to ESS specifically, however, the only allegation in the Amended Complaint is that it "received misapplied and misspent public funds." *See* Am. Compl. at pg. 9, ¶ 57. This bare allegation is not enough to support an illegal exaction claim against ESS, as opposed to the State defendants. Accordingly, the Court should dismiss the illegal exaction count against ESS.

C. Plaintiffs' Amended Complaint Fails to Plead a Viable Claim under the ADTPA.

Lastly, Plaintiffs allege that ESS violated the ADTPA in numerous ways, including but not limited to: "warrant[ing] that its voting machines and software complied with Arkansas and federal law"; "represent[ing] that its voting machines and software would allow a voter to verify his or her votes before placing it into the DS200 to be cast"; "advertising to the state and its voters that ESS's machines complied with state and federal law when it knew, or should have known, that they did not"; "[selling] warranties, services, or goods in the form of machines, software, and maintenance programs under the false pretense that the products complied with the state and federal voting laws." *See* Am. Compl. at pgs. 10-11, ¶ 66 (A-J). None of the enumerated allegations is sufficient to state a claim under the ADTPA.

The ADTPA provides a private right of action to "any person" who suffers actual damage or injury as a result of a violation of the Act. *See* Ark. Code Ann. § 4–88-113(f). The Arkansas legislature amended the Act in 2017 to make clear an injury must result in an "actual financial loss proximately caused by his or her reliance on the use of a practice declared unlawful under this chapter." Ark. Code Ann. § 4-88-113(f)(1)(A)(2). The ADTPA prohibits a number of practices, and includes a catchall provision prohibiting "any unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. §4-88-107(a)(1)-(10). To prevail, a

5

private plaintiff must allege and prove both (1) a deceptive consumer-oriented act or practice that is misleading in a material respect, and (2) an injury resulting from such act. *Parnell v. FanDuel, Inc.*, 2019 Ark. 412, at 4, 591 S.W.3d 315, 318 (citing *Skalla v. Canepari*, 2013 Ark. 415, 430 S.W.3d 72). Here, Plaintiffs' Amended Complaint fails both prongs of the test.

First, the acquisition of voting machines for use in Arkansas elections is not a consumer-oriented act or practice. This is true in the same way that the Arkansas appellate courts have held that farming practices do not fall under the umbrella of the ADTPA. *See Crutchfield v. Tyson Foods, Inc.*, 2017 Ark. App. 121, at 6, 514 S.W.3d 499, 503 (affirming dismissal of the plaintiffs' ADTPA claim, reasoning "they have not pled facts demonstrating that Tyson's alleged unequal treatment of the growers with which it contracts for the production of chickens is a 'consumer-oriented act or practice'"); *see also Skalla*, 2013 Ark. 415, at 14, 430 S.W.3d 72, at 82 (affirming the grant of summary judgment on the plaintiff's ADTPA claim because the plaintiff's allegations concerned farming practices rather than consumer-oriented acts).

Second, the Plaintiffs have failed to allege "an actual financial loss proximately caused" by the allegedly unlawful act. Similar to their fraud claim, Plaintiffs have not alleged any direct communication, involvement, or dealings with ESS—meaning, they have not alleged and cannot prove that their reliance on any deceptive act caused their damages. Reliance and causation are required elements under Ark. Code Ann. § 4-88-113(f)(1)(A)(2).

Moreover, the Amended Complaint is devoid of facts alleging a cognizable injury under ADTPA. *See Parnell*, 2019 Ark. 412, at 4, 591 S.W.3d at 318. For example, Plaintiffs allege that they have been required to pay unidentified "fees" for the machines and that they have sustained "the loss of the ability to legally participate in state, federal, and local elections." *See* Am. Comp. at pg. 12, ¶ 67 (A-D). These allegations do not constitute the "actual financial loss" required by

the Act. As such, the Amended Complaint fails to state facts to support a claim under the ADTPA, and Plaintiff's action against ESS should be dismissed.

III.    Conclusion

Pursuant to the foregoing authorities and analysis, Plaintiffs have failed to plead a viable cause of action against Separate Defendant ESS. Therefore, ESS respectfully requests that the Court enter an Order dismissing the Amended Complaint against it.

Respectfully submitted,

KEVIN A. CRASS (84029)
FRIDAY ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone:  (501) 370-1592
Facsimile:  (501) 244-5370
crass@fridayfirm.com

BY:  /s/ Kevin A. Crass_____
          KEVIN A. CRASS

36367.0002/10047429.1

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that I have served a copy of the foregoing on counsel of record on this 17th day of May, 2023.

Clinton W. Lancaster
Lancaster Law Firm, PLLC
P.O. Box 1295
Benton, AR 72018

/s/ Kevin A. Crass
KEVIN A. CRASS

!

!
!

36367.0002/10047429.1