IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF ARKANSAS, WESTERN DIVISION

| ARKANSAS VOTER INTEGRITY INITIATIVE, INC., *et. al.* | PLAINTIFFS | |
|---|---|---|
| vs. | | Case No: |
| JOHN THURSTON, *et. al.* | DEFENDANTS | 4:23-CV-00479 JM |

# MOTION FOR LEAVE

**COMES NOW** the plaintiffs, by and through their attorneys, and for their motion state:

1.  That the State of Arkansas has filed its responsive brief to the motion for injunction and ESS has adopted that brief as its own.

2.  That when the plaintiffs filed the case in state court they had a right to file a reply without leave of the court. *See* Ark. R. Civ. P. 6(c). That rule does not apply in this Court. *See* Local R. 7.2(b) (only reply as of right is to a summary judgment motion or in a habeas corpus setting).

3.  That the plaintiffs briefed the arguments for a TRO using state law, because the case was in state court at the time the relief was sought and the brief filed.

4.  That the standards for injunctions are different in state and federal courts. *Compare City of Jacksonville v. Smith*, 2018 Ark. 87, 5, 540 S.W.3d 661, 665–66 (2018) (citing *Ark. Dep't of Human Servs. v. Ledgerwood*, 2017 Ark 308, 530 S.W.3d 336) ("[i]n determining whether to issue a preliminary injunction pursuant to Rule 65, the circuit court must consider **two issues**: (1) whether irreparable harm will

result in the absence of an injunction or restraining order and (2) whether the moving party has demonstrated a likelihood of success on the merits") (emphasis added) with *Ng v. Bd. of Regents of Univ. of Minnesota*, 64 F.4th 992, 997 (8th Cir. 2023) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)) (listing the **four factors** for granting an injunction in federal court as well as finding that "there is no single factor that is regarded as dispositive; rather, the court should balance all the factors in considering whether the injunction should be granted") (emphasis added).

5.  That when the State removed the case, its opportunity to file a responsive brief included the benefit of using federal caselaw. The defendants have found it appropriate to point out that the plaintiffs did not address the federal factors even though the case was in state court when the motion was filed. *See* Doc. 26, p. 17. Moreover, the State argues that a TRO should be denied because the plaintiffs did not address all the federal factors. *Id.* at pp. 17 and 21 ("Even if Plaintiffs had shown a probability of success on the merits or irreparable harm—which they did not—the remaining *Dataphase* factors would strongly weigh against their requested preliminary injunction. Plaintiffs fail to address these factors, but their motion for injunction nevertheless seeks an extraordinary and expedited relief that would dismantle the election process in Arkansas").[1]

6.  That the State's brief also mischaracterizes the plaintiffs' arguments for a TRO and does not accurately state Arkansas law regarding TROs and an illegal

---

[1] To be abundantly clear, if any of the plaintiffs could have foreseen that the State would remove this case to this Court before it did, or if the State would have told them that was its intention, they would have briefed the issue using the four federal factors and it is unfair, if not petty, to attack the plaintiffs for the absence of the *Dataphase* factors in their state court brief.

exaction, among other things.

7.	That these issues are very germane and ripe for the court to consider in granting or denying injunctive relief and the plaintiffs would appreciate briefing these issues for the Court in a reply.

8.	That this court should grant the plaintiffs' leave to file a reply and reply brief, making it due five days after the State's brief was filed.

9.	That, in the alternative, the plaintiffs have filed a motion to remand this case back to State court.  If the case is remanded back to state court, then the time to file a reply under Arkansas law will have run unless this Court orders otherwise.  If the Court is hesitant to grant this motion until it decides the question of subject matter jurisdiction, the plaintiffs move the court to allow them to file a reply five days after an order granting or denying their motion to remand is entered.

**WHEREFORE**, the plaintiffs' move this court for relief to file a reply; for attorney's fees and costs; and for all other just and proper relief.

Respectfully Submitted,

**LANCASTER & LANCASTER LAW FIRM, PLLC**
P.O. Box 1295
Benton, AR 72018
P:  (501) 776-2224
F:  (501) 778-6186
llf@thelancasterlawfirm.com

By: /S/ CLINTON W. LANCASTER
**Clinton W. Lancaster,** 2011179

---

CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of the foregoing has been delivered by the below method to the following person or persons:

☐ First Class Mail    ☐ Facsimile    ☐ Email    [X] AOC/ECF    ☐ Hand Delivery

    All attorneys of Record