IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARKANSAS VOTER INTEGRITY
INITIATIVE, INC., CONRAD REYNOLDS,
and DONNIE SCROGGINS                                        PLAINTIFFS

vs.                          Case No. 4:23-cv-479-JM

JOHN THURSTON, in his official capacity
as ARKANSAS SECRETARY OF STATE,
the ARKANSAS STATE BOARD OF
ELECTION COMMISSIONERS, in its
official capacity, and ELECTION SYSTEMS
AND SOFTWARE, LLC                                           DEFENDANTS

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Come now the Defendants John Thurston, in his official capacity as Arkansas Secretary of State, the Arkansas State Board of Election Commissioners, "in its official capacity" (collectively "State Defendants"), and Election Systems and Software, LLC ("ES&S"), and for their Joint Response in Opposition to Plaintiffs' Motion to Remand, state that this Court has federal question jurisdiction, and Plaintiffs' motion should be denied as more fully set forth below.

BACKGROUND

On December 19, 2022, Plaintiff Arkansas Voter Integrity Initiative, Inc. ("AVII") filed this action in Pulaski County Circuit Court. Ct. Doc. 2, Pls. Compl. The original Complaint sought a declaratory judgment that the voting machines currently approved by the Arkansas Secretary of State and the Arkansas State Board of Election Commissioners fail to comply with Ark. Code Ann. § 7-5-504. *See id*. It also sought an injunction to prevent the use of voting machines. *Id.* The circuit court dismissed Separate Defendant ES&S because the original complaint failed to state a claim against it.

1

Thereafter, an Amended Complaint was filed on May 4, 2023. Ct. Doc. 6, Am. Compl. The Amended Complaint named two additional plaintiffs: Conrad Reynolds and Donnie Scroggins. *See id*. In addition to the original claims, the Amended Complaint asserted four new causes of action: (1) Declaratory Judgment Pertaining to the Help America Vote Act of 2002 ("HAVA"); (2) Illegal Exaction; (3) Violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"); and (4) Fraud. *Id.* at 6-14. The Amended Complaint also seeks a temporary and permanent injunction to enjoin the use of the machines based on their purported noncompliance with state law and HAVA. *Id.* at 14, ¶¶ 83-85. On the face of the Amended Complaint, all of Plaintiffs' claims are derivative of the alleged violations of federal law.

State Defendants timely removed the action to this Court on May 24, 2023. Ct. Doc. 1, Notice of Removal. ES&S joined and consented. *Id.* at 5, ¶ 19. Plaintiffs moved to remand on June 5, 2023, alleging that no substantial federal question exists to confer federal jurisdiction over this case. Ct. Doc. 24, Mot. Remand; Ct. Doc. 25, Br. Supp. Mot. Remand. Plaintiffs' motion should be denied.

<u>ARGUMENT AND AUTHORITY</u>

Federal removal jurisdiction may be exercised over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that this statutory grant of 'jurisdiction will support claims founded upon federal common law as well as those of a statutory origin.'" *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985) (citation omitted).

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction is presented on the face of the plaintiff's properly pleaded complaint. *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023). The plaintiff is the "master of the claim," and he or she may "avoid federal jurisdiction by exclusive reliance on state law" in drafting the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, where a plaintiff's complaint "quite clearly alleges a violation" of federal law, federal question jurisdiction exists. *Country Club Estates, LLC v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000). "It is part of the plaintiffs' cause of action, as demonstrated *by the words they themselves selected*." *Id*. (emphasis added).

There are two exceptions to the well-pleaded complaint rule. Relevant here, federal question jurisdiction exists when the "state law claims necessarily raise a substantial, disputed federal question." *Minnesota by Ellison*, 63 F.4th at 709; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Thus, even where a plaintiff asserts a state-law claim, such as fraud, federal question jurisdiction still exists if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Id.* at 711 (summarizing *Grable* and stating that "while state law provided the mechanism for the lawsuit, the legal questions central to the case were exclusively federal"). Therefore, a motion to remand must be denied where the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (discussing *Grable*, 545 U.S. at 314) (hereinafter referred to as the "*Gunn/Grable* Test").

      A.    <u>The Court Has Jurisdiction Because a Substantial, Disputed Federal Issue Exists.</u>

Plaintiffs' Motion to Remand should be denied because federal question jurisdiction exists under the four-part *Grable/Gunn* Test. First, interpretation and application of HAVA are necessarily raised by Plaintiffs' Amended Complaint. "A federal issue is necessarily raised when it 'is a necessary element of one of the well-pleaded state claims.'" *Minnesota by Ellison*, 63 F.4th at 711 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983)). Here, Plaintiffs have made an express claim for declaratory and injunctive relief based on the purported violations of HAVA. The Amended Complaint has approximately 25 paragraphs that expressly reference HAVA and federal law, not including the paragraphs that claim the machines are noncompliant or "illegal" in relation to HAVA. Moreover, each of the state law claims hinges on proof of a violation of federal law. For example, under Arkansas law, fraud requires Plaintiffs to prove (1) a misrepresentation of a material fact and (2) justifiable reliance on the misrepresentation. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013) (applying Arkansas law). As support for these elements, Plaintiffs' Amended Complaint states: "That ESS represented to the State and its citizenry that its voting machines and software complied with Arkansas law and HAVA . . . That the machines and software complied with Arkansas law and HAVA is a material fact…That voters in the State of Arkansas, including Conrad Reynolds and Donnie Scroggins, justifiably relied on ESS's representation and warranty that it[s] machines and software complied with Arkansas law and HAVA." Ct. Doc. 6, Am. Compl. at 12-14, ¶¶ 73-74, 79. Thus, from their own pleading, it is clear that the elements of Plaintiffs' fraud claim—and the elements of every other claim in the Amended Complaint—require proof under federal law. *See Minnesota by Ellison*, 63 F.4th at 711. It follows then that the federal issue is "necessarily raised."

Second, the federal issue is "actually disputed." In fact, the central dispute between the parties is whether the subject machines are compliant with HAVA. All other claims are derivative of the federal question interpreting HAVA.

Third, the federal issue in this case is substantial. The Supreme Court has made clear that this prong of the test does not concern whether the issue is significant to the particular parties in a single suit; instead, "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Additionally, "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous" similar tax cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); *see also Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 724 (5th Cir. 2017) (concluding that the substantiality requirement was met because the relevant federal statutes plainly regulate "issues of national concern" and because the case affects "an entire industry" rather than a few parties).

The case at bar has serious implications for the federal regulatory scheme set up under HAVA and administered by the U.S. Election Assistance Commission (EAC). The EAC has set minimum standards for voting systems and provided for the testing and certification of those machines. Arkansas is one of many states that has chosen to adopt the EAC's Voluntary Voting System Guidelines (VVSG) and requires voting-machine testing by a federally accredited laboratory as well as federal certification by the EAC. To resolve Plaintiffs' claims that the machines at issue are not compliant with HAVA, the Court must consider and construe federal standards for testing and certifying voting equipment. That construction and interpretation will invariably affect other states that have also chosen to follow the EAC's VVSG and rely on the federal voting machine testing and certification. In other words, contrary to Plaintiffs' contention,

this is not just a "localized state issue," *see* Ct. Doc. 5, Pls. Br. at 5, and the claims implicate the federal system as a whole.

Finally, exercising federal jurisdiction will not disturb the "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. HAVA is the product of the 2000 presidential election, and it aimed to: modernize voting systems, establish the EAC to assist in administering federal elections as well as federal laws and programs; establish minimum election administration standards for States; and achieve other purposes. *Minnesota Voters All. v. City of Minneapolis*, No. CV 20-2049 (MJD/TNL), 2020 WL 6119937, at *5 (D. Minn. Oct. 16, 2020) (citation omitted). There is a strong federal interest in the administration of federal elections and the procedures established by the EAC for testing and certifying voting machines. *See generally Gonzalez v. Arizona*, 677 F.3d 383, 391 (9th Cir. 2012), *aff'd sub nom*, *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) (generally discussing the Elections Clause under the federal constitution, which is unique in that it gives "Congress the power to 'conscript state agencies to carry out' federal mandates," and stating that "a state's role in the creation and implementation of federal election procedure under the Elections Clause is to administer the elections through its own procedures until Congress deems otherwise" at which point, "the states are obligated to conform to and carry out whatever procedures Congress requires"). Exercising federal jurisdiction here is fully "consistent with congressional judgment about the sound division of labor between state and federal courts." *Grable*, 545 U.S. at 313. Further, this case will not open the federal court doors to garden-variety state law claims by merely referencing or citing to federal law; that concern is not present here. Plaintiffs do not simply reference HAVA; rather, they cannot recover on any of their claims without interpretation,

explication, and application of HAVA. Plaintiffs have made no compelling argument to the contrary.

In sum, Plaintiffs amended their complaint and chose—of their own volition—to rely on federal law. As such, this matter meets the *Grable/Gunn* Test for federal question jurisdiction, and Plaintiffs' Motion to Remand should be denied.

> B.  Plaintiffs' Motion to Remand Ignores the Fact that Federal Law Permeates All of Their Claims and Ignores Authority for Exercising Federal Jurisdiction.

Plaintiffs' request for remand boils down to two points. First, they assert that there is no substantial federal question because the only claim related to federal law is the declaratory judgment action, which cannot be used to expand the Court's jurisdiction unless it seeks some coercive action. *See* Ct. Doc. 25 at 5-6. Second, they rely on the reasoning of *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986). *Id.* at 6-9. In *Merrell Dow*, the Supreme Court affirmed an order of remand, emphasizing that no private cause of action existed under the federal law at issue—the Food, Drug and Cosmetic Act (FDCA). Among their many state law claims, the plaintiffs in *Merrell Dow* argued that the defendants misbranded their drugs under the FDCA, which created a rebuttable presumption of negligence and causation. Short of an express right of action conferred by Congress, however, the *Merrell Dow* Court concluded that the presence of a claimed violation of a federal law as an element of a state cause of action (like negligence) is insufficient on its own to confer federal jurisdiction. Plaintiffs' reliance on *Merrell Dow* in this case is misplaced. In fact, a recent Eighth Circuit case distinguished *Merrell Dow* and found federal jurisdiction under circumstances analogous to those here. *See Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020).

In *Wullschleger*, the plaintiffs filed a putative class action against dog food makers, alleging that they were duped into believing that the prescription food they purchased had been

7

approved by the U.S. Food and Drug Administration when in fact it had not been. 953 F.3d at 520. The plaintiffs alleged that the defendant-manufacturers' conduct amounted to a joint and coordinated violation of the FDCA and the FDA's regulatory guidance in the Compliance Policy Guide (CPG). *Id*. The complaint contained only state law claims, including violations of the Missouri Merchandising Practices Act (MMPA), Missouri antitrust laws, and Missouri unjust enrichment law. *Id*. The plaintiffs' prayer for relief included claims for money damages, and declaratory and injunctive relief. *Id*. at 520-21. The defendants removed the case to federal court, but the district court remanded for lack of subject matter jurisdiction. *Id.* at 521.

The Eighth Circuit, however, granted a petition for review and then vacated the district court's remand order. In so doing, the court distinguished *Merrell Dow*, noting that it did not "overturn decades of precedent" by predicating federal jurisdiction on the existence of a private cause of action. *Id.* (citing *Grable*, 545 U.S. at 317). Rather, the court summarized *Merrell Dow* as "foreclose[ing] the removal of state law claims that merely include a violation of federal law as an element of the offense, without other reliance on federal law." *Id.* The court noted that the plaintiffs' MMPA claims (akin to the ADTPA) might not depend on federal law. *Id.* at 521-22. However, the "MMPA claims do not stand alone," and the court looked to the whole of the complaint in determining federal jurisdiction:

> The complaint in this case consists of more than the MMPA claims. It included allegations brought under Missouri antitrust and unjust enrichment laws. Plaintiffs elected to premise these non-MMPA claims on violations and interpretations of federal law. The complaint included no fewer than 20 paragraphs recounting the defendants' specific and coordinated conduct that plaintiffs contend occurred during the five years preceding the filing of the complaint. . . . Plaintiffs' dependence on federal law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law.

*Id*.

Furthermore, the Eighth Circuit reasoned that the plaintiffs' prayer for relief invoked federal jurisdiction because it sought injunctive and declaratory relief that necessarily required the interpretation and application of federal law. *Id.* at 522. The court noted that the plaintiffs requested a judgment: (1) "[f]inding, adjudging, and decreeing" that defendants have violated federal law; (2) enjoining defendants from engaging in further violations of federal law; and (3) estopping defendants from denying that prescription pet food is a 'drug' and 'enjoining Defendants to comply with all federal and Missouri provisions applicable to the manufacture of such drugs ..." *Id.* Based on the allegations in the complaint and the nature of the relief sought, the Eighth Circuit found that each of the four prongs of the *Gunn/Grable* Test had been met and federal jurisdiction was thus proper. *Id*.

*Wullschleger* supports finding federal question jurisdiction in this case. Here too, each of Plaintiffs' claims relies on the interpretation and explication of federal law. Like the plaintiffs in *Wullschleger*, Plaintiffs here acted of their own volition and *chose* to premise each of their claims on violations and interpretations of federal law. This is not a case where federal law is merely an element of a state law claim, like the alleged FDCA misbranding was in the *Merrell Dow* plaintiffs' negligence action. Here—just like *Wullschleger*—Plaintiffs cannot prevail on any of their claims without relying on and interpreting HAVA and federal election standards. This is clear on the face of Plaintiffs' pleading. *See* Ct. Doc. 6 at 9, ¶ 56 ("That this is an illegal exaction because public funds generated from tax dollars are being misapplied or misspent on voting machines and software that do not comply with Arkansas law or HAVA."); *id.* at 10-11, ¶ 66 (A)-(C) (alleging that ES&S violated the ADTPA because ES&S: "[w]arranted that its voting machines and software complied with Arkansas and federal law; [c]ertified that its voting machines and software complied

with Arkansas and federal law; and [r]epresented that its voting machines and software complied with Arkansas and federal law[.]"); *id*. at 12 & 14, ¶¶ 73, 81 (alleging that ES&S is liable for fraud because it "represented to the State and its citizenry that its voting machines and software complied with Arkansas law and HAVA" and "[t]hat ESS's fraudulent representation and warranty that its machines complied with Arkansas law and HAVA were a malicious, willful, and wanton act" justifying punitive damages); *id*. at 14 ¶¶ 84-85 (seeking a temporary and permanent injunction enjoining use of the voting machines because "these voting machines do not comply with HAVA"). In fact, Plaintiffs cannot even prevail on the declaratory judgment count under Arkansas law without relying on HAVA; Arkansas law incorporates the provisions of the federal law at issue, which the Plaintiffs expressly recognize in their Amended Complaint. *See* Ct. Doc. 6 at 5, ¶ 25 ("That voting machines approved by the Board and selected by the Secretary for use in elections "shall permit the voter to verify in a private and independent manner the votes selected by the voter on the ballot before the ballot is cast. Ark. Code Ann. § 7-5-504(6). Pleading further, this is a requirement of . . . HAVA and all voting machines in Arkansas must comply with HAVA.").

*Wullschleger* is also instructive on Plaintiffs' contention that the Court lacks jurisdiction because federal law is only implicated by the declaratory judgment count, and a declaratory judgment action cannot expand jurisdiction unless it seeks coercive relief. *See* Ct. Doc. 25 at 5-6. While Plaintiffs argue that their action is devoid of such coercive relief, their argument is belied by their own pleading. Plaintiffs are asking the Court to declare a violation of HAVA and then issue injunctions based on the purported violations—again, just like the plaintiffs in *Wullschleger*. 953 F.3d at 522 (requesting a judgment decreeing a violation of the federal law and enjoining further violations). Specifically, Plaintiffs "pray" that the Court "construe the rights of the parties and how the ExpressVote and DS200 operate and declare that these machines do not comply with

state and federal law" and "enjoin the use of these machines" based on their purported noncompliance. Ct. Doc. 6 at 15. Here too, Plaintiffs are invoking federal jurisdiction based on their request for declaratory and injunctive relief that necessarily requires application and interpretation of federal law. As such, under *Wullschleger*, and Supreme Court precedent, federal-question jurisdiction exists.

      C.      Because Plaintiffs' Claims Implicate Uniquely Federal Interests, They Are Governed by Federal Law.

Lastly, it should be noted that State Defendants cited federal common law as a separate basis supporting removal. *See* Ct. Doc. 1 at 8-9. Plaintiffs fail to mention, let alone rebut, the proprietary of removal based on federal common law. For the reasons stated in the Notice of Removal, which is incorporated here by reference, the Court should also find federal jurisdiction present for this reason, and to the extent that any claims are considered non-federal, the Court should exercise supplemental jurisdiction over those claims under 28 U.S.C. § 367(a).

## CONCLUSION

It is clear from the Amended Complaint and case law that this Court has federal question jurisdiction, no matter how Plaintiffs attempt to characterize their own pleading in hindsight. *See Wullschleger*, 953 F.3d at 522 ("Plaintiffs' isolated focus on their alleged state law claims is nothing more than an apparent veil to avoid federal jurisdiction."). Indeed, Plaintiffs chose to amend their complaint to make resolution of each claim dependent on the interpretation and application of HAVA. In so doing, Plaintiffs created a substantial federal question that vests this Court with jurisdiction, as does federal common law. Accordingly, the Motion to Remand should be denied.

Respectfully submitted,

Jordan Broyles, ABN 2015156
Office of the Arkansas Attorney General
 Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-9482 – Telephone
jordan.broyles@arkansasag.gov

*Attorneys for John Thurston, in his official capacity as Arkansas Secretary of State, and the Arkansas State Board of Election Commissioners, "in its official capacity"*

AND

Kevin Crass, ABN 84029
Kathy McCarroll, ABN 2014191
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR  72201
(501) 376-2011 – Telephone
crass@fridayfirm.com
mmccarroll@fridayfirm.com

*Attorneys for Election Systems & Software, LLC*