IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF ARKANSAS, CENTRAL DIVISION

| ARKANSAS VOTER INTEGRITY INITIATIVE, INC., *et. al.* | PLAINTIFFS | |
|---|---|---|
| vs. | | Case No: 4:23-CV-00479 JM |
| JOHN THURSTON, *et. al.* | DEFENDANTS | |

# BRIEF IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION

## Introduction

One cause of action in this lawsuit is a pre-election challenge to an election procedure or process—the manner in which voting machines are used in Arkansas. Time is a critical component in any election case, but especially one involving election procedures. If the court does not address the plaintiffs' relief in an expedited manner, time may cause the case to decay until it is not actionable before the next major election. Additionally, when the plaintiffs prevail, the defendants will need plenty of time to prepare to conduct a state-wide election without voting machines configured to read bar codes. For the reasons set forth in this brief, this court should expedite its consideration of this case.

## Argument

I. Litigation so fast that it moves at the speed of rights.

The timing, meaning speed, of election litigation matters. *Trump v. Wisconsin Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020). The Supreme Court has been clear: federal courts should avoid announcing or requiring changes in election law and procedures close in time to voting in elections. *Id.* (citing *Republican Nat'l Comm.*

*v. Democratic Nat'l Comm.*, --- U.S. ---, 140 S. Ct. 1205, 1207, 206 L.Ed.2d 452 (2020)). Late claims brought too close <u>*before*</u> an election occurs should be, and have been, rejected. *Id.* (citing *Democratic Nat'l Comm. v. Bostelmann*, 977 F.3d 639, 642 (7th Cir. 2020); *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1060–62 (7th Cir. 2016); *Navarro v. Neal*, 716 F.3d 425, 429 (7th Cir. 2013)) (emphasis in original).

The plaintiffs justly fear the doctrine of laches. This doctrine has been used across the country to bar pre- and post-election challenges to voting laws. *Wood v. Raffensperger*, 501 F. Supp. 3d 1310, 1323 (N.D. Ga. 2020) ("[e]ven if the Court found Wood possessed standing to pursue his claims . . . such claims would nonetheless be barred by the doctrine of laches"); *Kelly v. Commonwealth*, 663 Pa. 114, 240 A.3d 1225 (2020) (Pennsylvania Supreme Court finding that laches barred a challenge to absentee ballots because it was not timely brought before the election); *Trump v. Biden*, 2020 WI 91 (2020) (Wisconsin Supreme Court splits 4-3 on finding that laches barred a challenge to election procedures).

Laches arises when an unwarranted delay in bringing a suit or otherwise pressing a claim produces prejudice to the defendant. *Fulani v. Hogsett*, 917 F.2d 1028, 1031 (7th Cir. 1990) (citing *Herman v. City of Chicago,* 870 F.2d 400, 401 (7th Cir. 1989)). In the context of elections, this means that any claim against a state electoral procedure must be expressed expeditiously. *Id.* (citing *Williams v. Rhodes,* 393 U.S. 23, 34–35 (1968)). A defendant may show lack of diligence either by proof that the action was not commenced within the period provided by the applicable statute of limitations or by facts otherwise indicating a lack of vigilance. *White v.*

*Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (citing *Giddens v. Isbrandtsen Co.,* 355 F.2d 125, 128 (4th Cir. 1966)).

Laches is an important doctrine in election litigation because a state "indisputably has a compelling interest in preserving the integrity of its election process." See *Republican Party of Ark. v. Faulkner Cnty., Ark.,* 49 F.3d 1289, 1300 (8th Cir. 1995) (citing *Eu v. San Francisco County Democratic Cent. Comm.,* 489 U.S. 214, 231 (1989)). As time passes, the state's interest in proceeding with the election increases in importance as resources are committed and irrevocable decisions are made. *Id.* Laches is so important to these types of cases that the Supreme Court created the *Purcell* principle to directly address the doctrine in election law challenges.

The *Purcell* principle protects the voters from confusion and court related actions that would disincentivize turnout at the polls. *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006). Additionally, the closer it gets to the election, the risk that court orders could adversely impact the electorate increases. *Id.* The *Purcell* principle has been applied by the Eighth Circuit, which has expounded on its public policy. *Carson v. Simon*, 978 F.3d 1051, 1062 (8th Cir. 2020) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)). Election rules must be clear and judges should normally refrain from altering them close to an election because *Purcell* protects the status quo. *Id.*

The driving concept behind *Purcell* is that disrupting the status quo too close to an election will have the effect of alienating voters. See *Trump*, 983 F.3d at 925 (citing *Purcell*, 549 U.S. at 5); *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016)

("changing election law too close to an election risks offending principles of federalism and reflects an improper exercise of the federal judicial power" and "belated election litigation risks giving voters 'incentive to remain away from the polls'"). Justice Clarence Thomas alluded to as much in his dissent on a rejection of a petition for certiorari stemming from the many election challenges in the aftermath of the 2020 Presidential election when he said "[a]n incorrect allegation, left to fester without a robust mechanism to test and disprove it, 'drives honest citizens out of the democratic process and breeds distrust of our government.'" *Republican Party of Pennsylvania v. Degraffenreid*, 209 L. Ed. 2d 164, 141 S. Ct. 732, 737 (2021) (citing *Purcell, supra*) (Thomas, J., dissenting).

## Conclusion

Though the case was filed timely, vigilance is now necessary to protect the plaintiffs' lawsuit. Time is no friend to election litigation and that includes pre-election challenges such as the case at bar. Ultimately, if time is allowed to run unchecked, it will steal the plaintiffs' claims like a thief in the night. Even worse, laches can attack and decay parts of this lawsuit at no fault to the plaintiffs. This is because inaction in the case has the same effect as a late, untimely filing.

It is in the best interests of voters across this State that this case be resolved before the primary in March of 2024, a mere eight months away. Odds are very favorable that someone is going to want to appeal the results of an election procedure challenge. Potential appeals add additional layers to the litigation and those layers are made up of speed traps to time. If one wants to have a viable election case, he

must "Ricky Bobby" it as fast as possible through the court system. While the plaintiffs' case is not the only one on this court's docket, it is probably one of the few that has such a critical time and speed element.

2024 marks the first Presidential election since the widespread allegations of fraud and misconduct that besieged our nation, including the ones that were proven to be true in Wisconsin.[1] Voter confidence and election day turnout have been serious issues since Reconstruction and they are as important today as ever. If the court does not expedite its consideration of this case, time will kill some of the claims and components of this case before the next major election. If that happens, the plaintiffs' allegations will fester without resolution, impacting voter confidence at the polls, and making Justice Thomas a soothsayer of future calamities and not just a preeminent member of the Supreme Court.

## REQUESTED RELIEF

1. Grant expedited consideration and hearings on the motion to remand.

2. Grant expedited consideration and hearings on the motion for an injunction.

3. Grant an expedited final hearing or trial.

Respectfully Submitted,

LANCASTER & LANCASTER
  LAW FIRM, PLLC
P.O. Box 1295

---

[1] The 136-page *Second Interim Investigation Report on the Apparatus and Procedures of the Wisconsin Election System* contains multiple findings of illegal drop box use, interference by partisan government officials, and collusion by special interest groups to impact the outcome of the election. It is available online at https://legis.wisconsin.gov/assembly/22/brandtjen/media/1552/osc-second-interim-report.pdf

Benton, AR 72018
P: (501) 776-2224
F: (501) 778-6186
llf@thelancasterlawfirm.com

By: /S/ CLINTON W. LANCASTER
**Clinton W. Lancaster,** 2011179

### CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of the foregoing has been delivered by the below method to the following person or persons:

☐ First Class Mail   ☐ Facsimile   ☐ Email   ☒ AOC/ECF   ☐ Hand Delivery

All attorneys of Record

LLF NO.: 03316