IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS VOTER INTEGRITY**
**INITIATIVE, INC., CONRAD**
**REYNOLDS and DONNIE**
**SCROGGINS**                                                                                    **PLAINTIFFS**

v.                                        No. 4:23CV00479-JM

**JOHN THURSTON, in his official capacity**
**As ARKANSAS SECRETARY OF STATE,**
**The ARKANSAS STATE BOARD OF**
**ELECTION COMMISSIONERS, in its**
**Official capacity, and ELECTION SYSTEMS**
**AND SOFTWARE, LLC.**                                                                **DEFENDANTS**

## ORDER

Plaintiffs' complaint was originally filed in the Circuit Court of Pulaski County, Arkansas on December 19, 2022. On May 4, 2023, Plaintiffs filed an amended complaint naming two additional plaintiffs. The Amended Complaint alleges the following causes of action: (1) Declaratory Judgment pertaining to state law; (2) Declaratory Judgment pertaining to the Help America Vote Act of 2022, 52 U.S.C. §§20901, et.seq., ("HAVA"), (3) Illegal exaction, (4) violation of the Arkansas Deceptive Trade Practices Act, (5) Fraud, and (6) Injunctive relief.

Defendants removed this action to this Court on May 24, 2023 on the basis of federal question jurisdiction. Plaintiffs have filed a motion to remand, docket # 24 and a motion for expedited consideration, docket #30. For the reasons set forth herein, the motions are GRANTED.

Plaintiffs' amended complaint seeks a declaratory judgment that the voting machines currently approved by the Secretary of State and the State Board of Election Commissioners fail

to comply with state and federal law.  The suit seeks class action status as to an alleged illegal exaction, violation of the Arkansas Deceptive Trade Practices Act and fraud claims.  Plaintiffs seek reimbursement to the taxpayers of Arkansas for the illegally spent tax dollars; damages and punitive damages against ESS for violation of the Arkansas Deceptive Trade Practices Act and for fraudulent conduct, and temporary and permanent injunctive relief to prevent the use of ESS machines as they are currently configured.

Plaintiffs allege that ESS manufactures the ExpressVote electronic voting device and DS200 electronic tabulator currently used in Arkansas for elections in every county.  Plaintiffs claim all ESS machines are serviced through a contract with the State and counties.  Plaintiffs assert that the ExpressVote and DS200 do not comply with Arkansas law or the Help America Vote Act of 2002 because the voter cannot independently verify the votes selected by the voter on the ballot prior to being cast by the voter.

Defendants removed the case to this Court on May 24, 2023 arguing that federal question jurisdiction exists.  Plaintiffs seek a remand arguing that the amended complaint does not contain a substantial federal question and instead contains only state law claims.  Plaintiffs argue that the only federal implication in the Amended Complaint is a declaratory judgment that the ESS voting machines, as configured and approved for use in Arkansas elections, do not comply with HAVA or state statute.

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction."  *Cent. Iowa Power Cooperative v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted). "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court*.*" *Id. (*citations omitted). Defendants removed the case to this Court based on federal question jurisdiction.

Federal question jurisdiction can be established in two ways: 1) if the plaintiffs plead a cause of action created by federal law; or 2) if plaintiffs' "state-law claims [ ] implicate significant federal issues" because the "claims recognized under state law [ ] nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Under the second test, known as the *Grable* doctrine, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable,* 545 U.S. at 314).

"Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 180246, at *2 (N.D. Ohio Jan. 14, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))."If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Applying the *Grable* factors to this case, the court finds that the case does not fall within the "special and small category of cases" in which a federal question arises from a complaint alleging state law claims. *See, Gunn*, 568 U.S. at 258. First, Plaintiffs request for declaratory relief finding that the ESS voting machines fail to comply with HAVA does not expand the court's federal jurisdiction. *See, Dakota, Minn., & E.E.R. Corp. v. Schieffer*, 711 F.3d 878, 881(8th Cir. 2013)("The Declaratory Judgment Acts is procedural; it does not expand federal court jurisdiction").

Additionally, HAVA does not create a private right of action. *See Oels v. Dunleavy*, No. 3:23-CV-00006-SLG, 2023 WL 3948289, at *2 (D. Alaska June 12, 2023).[1] In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, the Supreme Court addressed "whether the incorporation of a federal standard in a state-law private action" suffices under § 1331 to bestow federal question jurisdiction even though Congress did not authorize a private cause of action "for violations of that federal standard." 478 U.S. 804, 805 (1986). Where there is no federal cause of action for violations of a statute, the court concluded that "a congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Here, where there is no private right of action to enforce HAVA, Plaintiffs' state law claims which incorporate a federal standard do not sufficiently support federal question jurisdiction.

For these reasons, Plaintiffs' motions for expedited review and to remand are GRANTED. (Docket #'s 24 and 30). The Clerk is directed to transfer this case back to the Circuit Court of Pulaski County, Arkansas forthwith.

IT IS SO ORDERED 25th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Citing, *Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004). *See also Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 736 n.4 (9th Cir. 2012) (expressing doubt that Congress intended to create a private right of action under HAVA (first citing *Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (per curiam); and then citing *Sandusky*, 387 F.3d at 572)); *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019) (holding that "HAVA creates no private cause of action").